### GEORGE W. NESBITT *vs.* DANIEL M. ROBBINS.

### December 19, 1885.

*Held,* that the findings were justified by the evidence.

Plaintiff brought this action in the district court for Ramsey county, to obtain a dissolution and accounting of a copartnership alleged by plaintiff to have existed between defendant and plaintiff, and which was formed for and engaged in the business of dealing in pine lands. The answer denies that the defendant ever entered into copartnership with the plaintiff for any purpose.

The action was tried before *Brill,* J., without a jury, and the court found the allegations of the complaint to be untrue, except as admitted by the answer, and directed judgment for defendant. Plaintiff appeals from an order refusing a new trial.

*J. M. Gilman,* for appellant.

*Cyrus J. Thompson,* for respondent.

MITCHELL, J. The only question raised on this appeal is whether the findings of the trial court were justified by the evidence. The evidence is very voluminous,—over 500 folios. It would be impracticable to attempt to state or even discuss it at length. To do so would subserve no good purpose as a precedent in other cases. Hence we might content ourselves with saying that, after carefully reading the record and the arguments of counsel, we are clearly of opinion that the evidence amply justified the decision of the trial judge. There are, however, some features of the case to which it might be proper to allude briefly.

The evidence, with the exception of one letter written by plaintiff to defendant in February, 1873, was entirely oral, depending on the slippery memory of witnesses as to conversations and transactions which occurred over 12 years before the trial. The testimony of plaintiff and Bassett as to what occurred between the parties is flatly contradicted by that of defendant. The preponderance of direct and positive testimony as to the arrangement between them, if number of witnesses alone be considered, was no doubt on the side of plaintiff. But there were certain facts, in the nature of circumstantial evidence, which we think militated strongly against the plaintiff's claim. His own testimony leaves the exact terms of the alleged agreement quite indefinite and uncertain. The bargain, as he states it, was not such, in some of its features, as business men would naturally and ordinarily make. The authority of plaintiff was left wholly unlimited as to the quantity of the land he might select, or the amount of expenditures he might make. Neither would it be usual for two men, comparative strangers to each other, to enter into a deal of this kind, involving thousands of dollars, without a word of writing between them. The fact that plaintiff never kept any accounts or written *memoranda* of his expenditures, amounting as he says to some $8,000, is rather significant. Moreover, the unaccountable indifference and delay of plaintiff from 1873 to 1879 in asserting his rights, or, at least, in attempting to get some writing to evidence them, is quite remarkable, especially in view of the fact that, as he claims, he had $8,000 cash invested; and finally his letter to defendant, written a month after the land sale at Duluth, and which is the only piece of documentary evidence in the case, strongly corroborates defendant's version of the affair; for, like the learned judge who tried this case, we are of opinion, notwithstanding the arguments of appellant's counsel to the contrary, that this letter, when read in the light of all the other evidence, appears to have reference to the "Duluth lands." These and other facts and circumstances which might be mentioned were entitled to much weight in the consideration of the other evidence in the case.

Order affirmed.