BLACKBURN *v.* CLARKE.

(*Nashville.* March 5th, 1887.)

1. ATTACHMENT. *Of equitable interest. Parties.*

The equitable interest of one holding land under title bond cannot be reached by attachment at law; nor by proceedings in equity, unless the holder of the legal title is made a party. No title or lien is acquired by a purchaser of the land at a sale made under such attachment or proceedings.

Code cited: §§ 3694, 3698 (M. & V.); §§ 2980, 2984 (T. & S.)

Cases cited and approved: Lane *v.* Marshall, 1 Heis., 30; Hillman *v.* Werner, 9 Heis., 586.

2. JUDGMENT. *Setting aside satisfaction. Necessary parties.*

Satisfaction of a judgment or decree cannot be set aside, unless all the the parties against whom the judgment or decree was rendered are made parties to the proceeding to set aside its satisfaction.

Case cited and approved: Humberd *v.* Kerr, 8 Bax., 291.

3. EQUITY. *Setting aside judicial sale. Complainant must do equity, when.*

A judgment debtor who has allowed his lands, in which he had but an equitable interest, to be sold, without objection, under proceedings describing it as a legal title to which he was a party; and thereafter rented the land from the creditor, who purchased it, cannot by suit in equity, brought long afterward, to enforce his equitable title, and have the sale declared void, obtain relief, except upon the condition of paying the creditor's bid.

4. SAME. *Same. Lien of judgment and levy enforced.*

Upon setting aside a judgment creditor's purchase of his debtor's land, at execution sale, on the ground that several distinct tracts were sold together, a court of equity will, upon the creditor's cross-bill enforce the lien of his judgment and levy against the land,

5. ·ATTORNEY'S LIEN. *Conditional recovery of land.*

An attorney's lien for his fees attaches to the ultimate recovery of his client, and not to any mere incidental recovery of title; and, therefore, when a complainant recovers land, upon condition that he pay a certain sum to the defendant, the lien of complainant's attorney attaches only to the surplus after defendant's claim is paid out of the land.

Case cited and distinguished: Wright *v.* Dufield, 2 Bax., 218.

## FROM CANNON.

Appeal from Chancery Court of Cannon County. E. D. HANCOCK, Ch.

JOHN B. ROBINSON and W. B. STOKES for Blackburn.

GRIBBLE & WEBB for Clarke.

SNODGRASS, J. The bill and amended bills in this cause were filed to set aside certain levies and sales made under attachment and decree of the Chancery Court and execution issued from the Circuit Court. The levies and sales now in controversy upon this appeal were of two tracts of land described as the seventy-five-acre tract and seven-acre tract, and certain town lots in Liberty, Tenn., they having been decreed to be void, and Complainant Blackburn alone appealing. The cross-bill of Clarke sought to have this satisfaction of his decree and judgments set aside in the event

the sales were void, and to subject the land to sale in satisfaction of his judgment liens. His title to the seventy-five-acre tract accrued in this way.

In a Circuit Court proceeding by Clarke against Complainant Blackburn and Martin Foutch *et al.*, attachments had issued and been levied upon Foutch's land and upon the seventy-five acres belonging to Blackburn. Blackburn and others filed a bill in the Chancery Court enjoining that suit, and such proceedings were had that on the 2d of August, 1873, Clarke obtained a decree against the complainants in that cause for $1,143.46 and cost, and the land attached in the Circuit Court case was ordered sold to satisfy the decree.

The sale was made, and Clarke purchased the the Foutch lands at a price which satisfied one-half of the amount of his decree. He also, on the 22d November, 1873, at the price of $590.36, bid off the seventy-five acres. As attorney and agent of Jane Turney, a judgment creditor of Blackburn, he also bid $682.20, full amount of that judgment on this land, and has taken a Sheriff's deed.

It turned out (as alleged in one of the amended bills and proven) that Blackburn had no legal title to the seventy-five-acre tract, he having only a title bond therefor. So of course Clarke got no title. The Chancellor so held, but he decreed (setting aside satisfaction of decree and judgment to the extent of the bids) that Clarke had a lien on this land for the amounts stated.

This was error. Clarke's decree was not a lien, nor did he acquire any by virtue of his levy of attachment, because Blackburn had only an equitable interest, and the holder of the legal title was not before the Court in either case. New Code, § 3694, § 3698; *Lane* v. *Marshall,* 1 Heis., 30; *Hillman* v. *Werner,* 9 Heis., 586. Nor could satisfaction of the decree and judgment be set aside because the proper parties were not all before the Court, Blackburn and Clarke being the only parties in this cause, and there being other judgment defendants in decree and judgment whose satisfaction was set aside. *Humberd* v. *Kerr,* 8 Bax., 291.

As to this tract complainant was entitled to recover, so far as these objections go. But Blackburn was a party to the decree confirming Clarke's sale. He made no such question against the levy in that case. He did not appeal from the decree, but acquiesced in it, and subsequently rented the land from Clarke; and, coming into this Court for equity, he must do equity. He will not, therefore, be allowed to take the land from Clarke without satisfying Clarke's real demand against it—that is, the amount bid at the Chancery Court sale and the amount of the Turney judgment, which Clarke in fact paid, as found by the Chancellor. Blackburn is, under the circumstances, estopped from claiming more. His litigation as to this tract is about his equitable interest only, as he does not bring before the Court the holder of the legal title.

The town lots and the seven-acre tract were levied upon to satisfy an execution issued upon a judgment Clarke recovered in the Circuit Court against Blackburn for $2,000.10 on 31st May, 1869.

The sale of the seven-acre tract and the lots was void because all sold together; but the Court correctly decreed that they (so far as undisposed of by consent) should be sold to effectuate the lien fixed by the judgment and levy.

Clarke's judgment was in a slander suit, and professing to desire no more of it collected than was sufficient to pay his fees, cost, and expenses in that suit, and this consequent upon it, he in Court remitted all of the recovery except enough to cover these items, and in the account ordered they were estimated. Complainant excepts to this basis as fixing upon him an improper liability. His objection would be good were it not for the fact that they do not aggregate the sum of Clarke's original judgment and interest; and hence he does not, upon such basis, have to pay as much as Clarke was entitled to recover, and within that limit Clarke can have his recovery decreed and appropriated as he sees proper. Provided it does not increase complainant's liability, he cannot complain.

The result of this settlement of the equities of the parties is the same in effect as that reached by the Chancellor, though based in part upon different conclusions of law, and the decree ordering the sale upon default of payment of amount decreed is affirmed.

The cause may be remanded for execution of decree. Costs of this Court will be paid by Appellant Blackburn.

His solicitors insist on asserting a lien on the recovery superior to that of Defendant Clarke, but this cannot be allowed. Their recovery is *conditioned* upon *his,* and they can have no superior right to their client as against defendant. What their client in fact recovers will depend upon the result of the sale. If the entire proceeds are appropriated in satisfying the decree, there will be no recovery upon which their lien can rest.

The attorney's lien is not upon any incidental recovery of title and change in its condition pending the suit, but upon the recovery consequent upon all the decrees rendered.

There is nothing in the case cited by counsel (*Wright* v. *Dufield,* 2 Bax., 218), when properly understood, contrary to this view. If so, it would not be allowed to stand as authority. In that case a married woman had attempted to convey her land. She received the purchase-money, but by reason of defective acknowledgment the conveyance was void. The conveyance was made and the money was received 10th August, 1868. On the 3d of September, 1868, she filed her bill. No rents had then accrued. The defendants answered, and by cross-bill insisted upon their right to have the amount paid her declared a lien on the property. The land was put into the hands of a receiver, and rented out. When complainant recov-

ered, and before sale, her solicitors asked the Court to declare a lien on the land. The Court declined to do this, but gave them a lien upon the rents "since the property was taken out of the hands of complainant," upon the theory that the lien for the purchase-money was only upon the property, and did not extend to the rents.

It is not necessary to express any opinion as to the correctness of that holding upon the facts. It is sufficient to say that in this case the complainant, who is *sui juris*, has submitted to a decree vesting the right to his interest in the land in controversy, and the right to take rents and profits, in Clarke; has for years acquiesced in his ownership and possession, allowing him to receive the rents, and now will not be permitted to recover either without satisfying Clarke's debt. Not being himself allowed to do so directly, he cannot do it indirectly for counsel fees.

Upon any surplus arising from the sale ordered, after satisfying defendant's decree and cost, counsel for complainant will be entitled to a lien.