MERCHANTS' BANK OF LAKE CITY and Others v. R. H. MOORE.[1]

June 9, 1897.

Nos. 10,492—(113).

**Sale by Receiver—Refusal of Confirmation.**

> The court below made an order directing the receiver of an insolvent banking institution to sell all of the assets of said insolvent remaining in his hands at public auction, but subject to the approval of the court. Upon a report of the sale, the court refused to confirm, on the ground that the prices for which the assets sold were inadequate. *Held*, on an appeal taken by purchasers at the sale from the order of refusal, this being the only question presented, that the court did not abuse its discretion when making the order.

In the matter of the receivership of the Merchants' Bank of Lake City, John C. Schmidt and others, purchasers at the sale by R. H. Moore, receiver, appeal from an order of the district court for Wabasha county, Gould, J., refusing to confirm the sale.    Affirmed.

*Hubbard & Taylor*, for appellants.

It was not discretionary with the court below to refuse to confirm the sale; if it were, the court's discretion was abused. Note a distinction between confirming a sale and setting aside a sale after confirmation.    A judicial sale when once ordered, after a hearing upon due notice, is not to be disaffirmed for mere inadequacy of price not amounting to a badge of fraud.    Parker v. Bluffton, 108 Ala. 140; Bethlehem v. Philadelphia, 49 N. J. Eq. 356; Pewabic v. Mason, 145 U. S. 349; Graffam v. Burgess, 117 U. S. 180; McGeorge v. Sease, 32 Kan. 387; Alms v. Gates, (Ky.) 32 S. W. 1088; Connell v. Wilhelm, 36 W. Va. 598; Felton v. Felton, 175 Pa. St. 44; Whitbeck v. Rowe, 25 How. Pr. 403; Hughes v. Swope, 88 Ky. 254; Herr v. Broadwell, 5 Colo. App. 467; Tyler v. Guthrie, (Ky.) 33 S. W. 934.

*Wesley Kinney, Allen J. Greer*, and *Edgerton, Wickwire & Rice*, for the creditors' committee.

COLLINS, J.    The real question raised by this appeal is whether the court below abused its discretion when it refused to confirm a sale made by its order, and at public auction, of such assets of the

[1] Reported in 71 N. W. 671.

insolvent bank as remained in the hands of a receiver appointed under the provisions of G. S. 1894, §§ 5900-5902, some 2 1-2 years after such receiver entered upon the discharge of his duties. The appeal is taken by purchasers of a part of these assets at the public sale, and their right to appeal is not questioned. The order of sale, as made and published, provided that the sale should be made subject to the approval of the court. This express reservation might have been unnecessary, for the court was administering upon the estate for the benefit of creditors and other parties whose interests were to be subserved by obtaining out of the assets as large a sum of money as possible, and would have the inherent right to exercise a reasonable discretion when taking any step which might affect those interests. But the express reservation was in the order and notice of sale, and all purchasers were advised that their bids were subject to the court's approval or disapproval. They could acquire no rights in conflict with the powers of the court expressly or impliedly reserved.

From the files and affidavits before the court upon the hearing of the motion to confirm, and from the order refusing to confirm, it appears that assets, real and personal, of a face value exceeding $100,000, were sold in parcels for the aggregate sum of $11,289. A committee of creditors had but a short time previously estimated the value of the real estate alone, carried upon the books of the bank as worth $22,347.52, at $10,204.20. At the sale the real property brought $3,330. From the files and moving papers before the court, it was apparent that the personal property, principally notes and mortgages, was sold without much regard to its apparent value; and it was not made to appear at the hearing why this was, or, in a large number of instances, why the real estate was not sold for somewhere near its apparent value. The assets were sold at grossly inadequate prices, and the court properly exercised its discretion when refusing to confirm on this ground. Counsel for the purchasers criticise the affidavit of one of the creditors who opposed the confirmation, because the affiant, after making other asse..ions as to the inadequacy of the amount realized, states his belief to be that the receiver could realize upwards of $20,000 out of the remaining assets. The suggestion of counsel is that, if this be true, the estate would not profit, because the receivership would be indefinitely prolonged at great expense.

This fact, if it be a fact, is of no concern to the appellant purchasers. It simply affects the creditors, none of whom complain of the order appealed from. In fact, it appears from the record that the creditors opposed and resisted the motion to confirm.

Order affirmed.