NORTHLAND PINE COMPANY v. MELIN BROS. INC. AND OTHERS.
J. D. EKSTRUM, APPELLANT.[1]

April 17, 1919.

No. 21,118.

**Appeal and error — change of theory.**

1. A party cannot adopt in the trial court a theory of his cause of action, and of the relative rights of the other parties to the litigation, and obtain findings and judgment in accordance therewith, nor invite error, and afterwards, on appeal, claim that the theory of the case was wrong and that the judgment was erroneous and that there was error in the proceedings.

**Mechanic's lien — improvement of adjoining lots — statement — assent of claimants to theory of trial.**

2. The statute gives a mechanic's lien upon the premises improved, not exceeding one acre in an incorporated city. A lienholder who furnishes material for buildings upon adjoining lots may file one statement for his entire claim, or he may apportion it. This action was brought to foreclose a lien upon two adjoining blocks, exceeding one acre in extent, between which there was a street. The buildings were flat buildings covering both blocks. Some of the lien claimants filed on both blocks, some on one of them and some on particular lots in one or the other. The case was tried upon the theory that the flat buildings constituted one improvement and one enterprise, and that the two blocks

[1]Reported in 171 N. W. 808.

were one tract, and that all the lien claimants were entitled to a lien upon both blocks regardless of whether the liens which they filed claimed it. All the parties assented to this theory and judgment was entered in accordance with it.

**Same — assignee of claimant cannot complain of theory of trial.**
    3. Under such circumstances the appellant, the assignee of a claimant who filed a lien on a part of one block, and whose lien, along with all others, was spread by the judgment over both blocks, and adjudged coordinate, cannot, on appeal from the judgment, complain of it.

Action in the district court for Hennepin county to recover judgment for $17,947.06 and to foreclose a mechanic's lien for the same. Other lien claimants joined in the proceeding and the case was tried before Steele, J., who made findings of fact and as conclusion of law found "that the building of the said eight flat buildings on the property described in the findings of fact herein was conceived, planned and carried out as one scheme and plan and constituted one single enterprise, the labor done upon and material furnished for said buildings was done and furnished indiscriminately for all of said buildings as one single integral improvement upon all of the property described in the findings of fact herein, and the persons furnishing labor and materials for any part thereof are entitled to a lien upon the entire improvements and the entire land upon which said buildings and improvements are situated for the amounts found due them as set forth herein." The court ordered judgment in favor of numerous claimants for liens for labor and materials and ordered a sale of the entire premises described, subject to the interest of the holder of the sheriff's certificate of foreclosure of sale of the first mortgage on the property, and subject to a specified second mortgage, and further ordered that if the property at such sale was not sold for enough to fully satisfy said lien claims the lien claimants were entitled to the appointment of a receiver to take possession of the property to protect and conserve it until the period of redemption from such sale expired, unless within six months, or such further time as the court directed, the defendant E. Luther Melin paid any deficiency that might exist after such sale or make substantial progress toward the completion of the building. From the judgment entered pursuant to the order for judgment, J. D. Ekstrum appealed. Affirmed.

*John M. Berg,* and *D. Theodore Melin,* for appellant.
*Elijah Barton, A. B. Darelius* and *Everett Moon,* for respondents.

DIBELL, J.

This is an action to foreclose a mechanic's lien. There was a single judgment determining the lien claims of the plaintiff and of the defendant lien claimants and adjudging the priority of certain mortgages The appellant is the assignee after judgment of a defendant lien claimant.

1. A party to an action cannot in the trial court adopt a theory of the cause of action, or of the relative rights of himself and other parties, and obtain findings and judgment in accordance therewith, or invite error in the proceedings, and on appeal complain of the judgment which he sought or of errors which he helped make. Of the correctness of this general doctrine there is no question. Dunnell, Minn. Dig. and 1916 Supp. §§ 401-409; 4 C. J. p. 700, §§ 2606-2609, 2630–2631; 2 R. C. L. 238; Cent. Dig. App. & E. §§ 3402, 3591, et seq.; Dec. Dig. (1st & 2d Ser.) App. & E. §§ 852, 882.

2. This action was brought to foreclose a mechanic's lien on blocks 1 and 2 in Melin's Addition to Minneapolis. There were 100 or more lien claimants whose claims aggregated between $60,000 and $70,000.

The statute gives a lien upon the premises improved not exceeding one acre in an incorporated city. G. S. 1913, § 7021. A lienholder who has contributed material or labor to two or more buildings upon adjoining lots may file one statement embracing the whole area or may apportion his demand among the several improvements. G. S. 1913, § 7027. The two blocks adjoined one another except as a street passed between them. The buildings were flat buildings and were to be constructed and to be operated as one enterprise. Conduits connected them under the street for the purpose of accommodating a common system of plumbing, heating, refrigeration, etc.

The plaintiff filed its lien on parts of blocks 1 and 2. Durgin & Son, to whose right the appellant succeeded by assignment, filed their lien on part of the lots in block 2. Some of the defendants filed on both blocks, others on one block, and still others on a single lot or one or more lots in one block or in the other. The lien claimants and the owner

appeared at the trial. All parts of both blocks were subject to liens in some amount and the court had jurisdiction to foreclose them. The appellant's claims of error are fairly embodied in these: (1) That the two blocks exceeded one acre in area and therefore the judgment was erroneous; (2) that the two blocks were separated by the street and therefore liens covering both blocks, or lots in both blocks, were invalid, and therefore the judgment was erroneous; (3) that in no way could the lien claimants whose liens were filed against less than the two blocks have them spread over both blocks, and therefore the judgment was erroneous.

The situation suggested some troublesome complications. The court saw the situation and called the attention of counsel to some of the difficulties. It is as clear as a record in a trial can make anything clear that the parties treated the two blocks as one property and the structures upon them as one single enterprise. It is clear that no question was made as to whether the blocks were more than one acre in extent. It is clear that all of the parties intended that the claims of all workmen and materialmen, so far as they constituted liens, should be spread over both blocks irrespective of whether the claims had been filed against both or against one, or against one or more lots in either. The owner participated in the trial and he did not then and does not now complain of the result. The parties got just the judgment they wanted. The appellant's assignors on their own motion obtained judgment determining the amount of their lien and that it extended over both blocks. In their lien filed they claimed a lien only on a part. The judgment determined the rights and priorities of all and adjudged that the various liens were "equal and co-ordinate liens" upon both blocks.

3. To such a situation the principle stated in paragraph 1 applies. The appellant cannot urge error in the judgment. He and his codefendants and the plaintiff have a judgment in accordance with the theory upon which they tried the case, they and the court understood it so, and their rights are concluded by it.

In noting that the two blocks are in excess of one acre and that the city has an easement for a street between them, so that, to that extent, the two blocks do not join, we are not to be understood as intimating that the foreclosure was not effective, the structure being a single and con-

nected enterprise and the tract being a single one. The principle stated disposes of all the contentions of the appellant and we stop with its application.

Judgment affirmed.