NORTHLAND PINE COMPANY AND OTHERS v. NORTHERN INSULATING COMPANY AND OTHERS.

E. LUTHER MELIN, INTERVENER-APPELLANT, AND J. D. EKSTRUM, DEFENDANT-APPELLANT.[1]

April 30, 1920.

No. 21,741.

**Judicial sale — discretion of court to modify original order.**

1. A sale made by a receiver is a judicial sale. In the absence of a statute regulating such sales, the time, manner, terms of sale and notice thereof are matters to be determined solely by the court having jurisdiction over the proceedings and control of the property. The court has discretionary power to modify directions respecting sales which are contained in the original order appointing the receiver.

**Refusal to set aside receiver's sale because made in one parcel.**

2. A court is justified in refusing to set aside a receiver's sale on the ground that the property was sold en masse, in the absence of a showing of fraud, prejudice or injustice resulting from making the sale in that way.

**Vacating sale for inadequacy of price.**

3. A judicial sale of property, unless made for such a grossly inadequate price as to raise an inference of unfairness, fraud or mistake, will not be set aside on the ground of inadequacy of the purchase price.

**Vacating sale — discretion of court.**

4. It is largely within the sound discretion of the court having control of the property to grant or deny an application to vacate a sale on the ground that the price paid was inadequate. It is the purpose of the law that a judicial sale should be final. It will not be set aside for irregularities, unless injury has resulted to the party complaining.

**Redemption by holder of mechanic's lien.**

5. Mechanic's liens, on which redemption from a mortgage foreclosure

[1] Reported in 177 N. W. 635.

sale is made, are not thereby merged or extinguished, but the liens survive so far as may be necessary to protect the parties redeeming. The redemption satisfies the debt due to the creditor redeeming, only to the extent of the value of the property, less the sum paid to effect redemption.

**Mechanic's lien covers all materials furnished, even when not used.**

6. A mechanic's lien extends to all materials furnished in good faith for the construction of a building, although they have not been used therein. Under the mechanic's lien law of this state, such materials are in effect part of the realty.

Action in the district court for Hennepin county to determine the interest in certain real property of the parties contributing toward redemption from a sale on mortgage foreclosure; for the appointment of a receiver to protect and manage it, or make sale of it.

From an order, Molyneaux, J., discharging an order to show cause and denying his motion for the purpose of rescinding a sale made by Elijah Barton, receiver, to one Patrick J. Gallagher, defendant J. D. Ekstrum appealed. Affirmed.

From an order, Leary, J., denying his motion and petition and discharging an order to show cause modifying and limiting the power and control of the receiver to the realty, E. Luther Melin, intervener, appealed. Affirmed.

From an order discharging his order to show cause to cancel a certain sale by the receiver and confirmed by the court, E. Luther Melin, intervener, appealed. Affirmed.

*John N. Berg, Roberts & Strong,* and *E. Luther Melin,* for appellants. *John E. Tappan, Robert Jamison, Elijah Barton* and *A. B. Darelius,* for respondents.

LEES, C.

#### APPEAL OF J. D. EKSTRUM.

This is an appeal from an order denying a motion to set aside a receiver's sale.

On January 14, 1918, judgment was entered in favor of a large number of materialmen and laborers in an action to foreclose their liens upon the property here involved. The judgment was reviewed and affirmed by this court in Northland Pine Co. v. Melin Bros. Inc. 142 Minn.

233, 171 N. W. 808. The property, consisting of ten lots, was covered by a mortgage having priority over the liens. It had been foreclosed and the time to redeem was about to expire. A number of the lien claimants redeemed for the benefit of all, although only a few contributed to the redemption fund.

Six apartment houses were in process of construction on the lots. None of them had been completed and only two were under roof. No work had been done on them since the fall of 1916 and they were depreciating in value. A large quantity of building material was lying on or adjacent to the premises and it was being destroyed or carried away by irresponsible people.

The present action was begun by four of the lien claimants, and all the others were made defendants. The court was asked to determine the interest of each in the property and to appoint a receiver to take charge of and sell it. Elijah Barton was appointed receiver and authorized to sell the whole or any part of the property, including the building materials, under the direction of the court and at the best price obtainable. Before selling he was required to make application to the court, describing the property to be sold, and to give such notice of the proposed sale to the parties in interest as the court should direct. During the last week of June, 1919, the receiver gave notice in a trade paper published in Minneapolis that he would receive bids for the property. The notice was published on two days only.

On July 10, 1919, the following proceedings were had in open court: The receiver reported that he had a bid from Patrick J. Gallagher of $25,600 for all the property and that this was the best bid he had received. The presiding judge then took charge of the sale and invited those present in court to submit oral bids for the property. There were two bidders, Gallagher and one Heller. Gallagher was the highest bidder, his final bid being $38,000. No one present objected to the acceptance of the bid; it was accepted, and Gallagher paid $5,000 down and the balance of $33,000 within 30 days, and the sale was confirmed by the court. The appellant, Ekstrum, was not present in person, or by attorney, and both he and his attorney make affidavit that neither of them received any notice from the receiver, or otherwise, of the proposed sale. The total of the lien claims was over $66,000, and they were

held by more than one hundred different persons. Ekstrum was the assignee of one of these claims, amounting to $530. The owners of claims representing between 80 per cent and 90 per cent of the total amount were present at the sale in person or by their attorneys.

On August 9, 1919, Ekstrum applied for the vacation of the sale, attacking it on several grounds now to be considered.

1. The receiver did not observe the directions in the order appointing him before he proceeded to offer the property for sale, but when the sale was made the court took charge of it, and in fact made it. The law did not prescribe the notice to be given. The court originally ordered that such notice be given as it might direct. The receiver, without directions from the court, gave notice by publication and by mail. Nearly all of the parties in interest were present when the bidding took place. The court must have been satisfied that the notice was sufficient, otherwise it is a fair presumption that it would not have proceeded with the sale. It had jurisdiction over the proceedings and had the property under its control. The bids were made in open court and the court was the vendor. It was a judicial sale, and, in the absence of a statute regulating it, not only were the time, manner, terms of sale and notice thereof matters to be determined solely by the court, but it also had discretionary power to modify the directions contained in the order appointing the receiver. Clark, Rec. §§ 591, 617, 622; 16 R. C. L. 37.

2. The court was justified in refusing to set the sale aside on the ground that the property was sold en masse, in the absence of any showing of fraud, prejudice or injustice resulting from making the sale in that way. Lamberton v. Merchants Nat. Bank of Waseca, 24 Minn. 281; Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985, 8 L.R.A. 50.

3. At the trial of the action to enforce the liens, testimony was given tending to show that the property was worth approximately $150,000. This testimony is made the basis of a claim that the sale price was grossly inadequate. In behalf of the purchaser, affidavits were presented placing the value of the lots at $12,000 to $13,000, and the buildings and materials at approximately $25,000. The judgment in favor of the lien claimants was for $66,444. This amount represented practically all that was paid, as well as what was unpaid, for all labor and materials entering into the construction of the buildings, including the ma-

terials on the ground. Evidently $150,000 was a grossly excessive value to place upon the property. The buildings, exposed as they were to the elements, had depreciated in value between the date of the trial of the lien action and the date of the sale. It was shown that the partially constructed walls were in such bad condition that they would probably have to be taken down and rebuilt. The completion of the buildings would necessarily require a considerable time and the expenditure of a large sum of money, and there would be no income until they were completed. If the property was worth much more than $38,000, it seems reasonable to infer that some one would have been produced, able and willing to pay a greater amount. The application to vacate the sale was heard more than three months after it took place and yet there was no showing whatever of even a prospect of a sale at a better price.

These considerations might properly lead the court to conclude that Gallagher's final bid fairly represented the market value of the property and that nothing would be gained by a resale. A judicial sale of property, unless made for such a grossly inadequate price as to raise an inference of unfairness, fraud or mistake, will not be set aside. The inadequacy must be so great as to shock the conscience. Johnson v. Avery, 60 Minn. 262, 62 N. W. 283, 51 Am. St. 529; Oswald v. Johnson, 140 Ga. 62, 78 S. E. 333, Ann. Cas. 1914D 1, and note collecting and reviewing a great number of cases.

It is a matter largely within the sound discretion of the court having control of the property to grant or deny an application to vacate a sale on the ground that the price paid was inadequate. Merchants Bank of Lake City v. Moore, 68 Minn. 468, 71 N. W. 671. It is the purpose of the law that judicial sales should be final. Pewabic Min. Co. v. Mason, 145 U. S. 349, 12 Sup. Ct. 887, 36 L. ed. 732.

4. A number of irregularities in making the sale are alleged to have occurred. They require no special mention. It does not appear that injury to this appellant resulted therefrom. In its absence, he cannot complain. Bottineau v. Aetna Life Ins. Co. 31 Minn. 125, 16 N. W. 849; Stockmeyer v. Tobin, 139 U. S. 176, 11 Sup. Ct. 504, 35 L. ed. 123. We are clearly of the opinion that the court below was justified in denying the application to vacate the sale.

APPEALS OF E. LUTHER MELIN.

These are appeals from orders denying: (1) A motion for the modification of the order appointing the receiver; and (2) a motion to vacate the sale of the building materials.

This appellant had filed an intervening complaint in which he asked that he be adjudged the owner of all the building materials not incorporated in the buildings and that the same be excluded from the possession of the receiver. He had been the owner of the lots and buildings, subject to the mortgage and liens already referred to. He was present at the sale and before it was confirmed announced that he claimed the building materials. He does not question the sale of the lots and buildings.

His appeals present the same question in different forms. He contends that the judgment in favor of the lien claimants was paid by the redemption from the mortgage foreclosure sale. He takes the position that by the redemption the claimants became the owners in fee of the property to which the lien of the mortgage extended; that such lien did not extend to materials not incorporated in the buildings, and that the judgment lien was merged in the fee title acquired by virtue of the redemption, and any lien which the claimants may have had on the materials has been extinguished. This contention cannot be sustained.

In Lowry v. Akers, 50 Minn. 508, 52 N. W. 922, it was held that a lien on which redemption is made is not thereby merged and extinguished, but survives so far as may be necessary to the protection of the party redeeming.

In Sprague v. Martin, 29 Minn. 226, 13 N. W. 34, it was held that a redemption is a satisfaction of the debt due the creditor redeeming to the extent only of the value of the property redeemed, less the sum paid to effect redemption.

The lien extended to all materials furnished in good faith for the buildings, although they had not been used therein. 2 Dunnell, Minn. Dig. § 6048; Johnson v. Starrett, 127 Minn. 138, 149 N. W. 6, L.R.A. 1915B, 708; Thompson-McDonald Lumber Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, L.R.A. 1915E, 302; Minneapolis Sash & Door Co. v. Hedden, 131 Minn. 31, 154 N. W. 511. Under the me-

chanic's lien law of this state, such materials are in effect part of the realty. Appellant asserts that they are personal property to which he is entitled because they were sold to him, despite the fact that he did not pay for them, and the further fact that they were covered by the lien claims filed by the sellers. As against the lien claimants whom the receiver represents, this contention cannot be sustained.

The value of the property redeemed, less the sum paid to effect redemption, proved to be less than the amount of the liens, for it brought at public sale only $38,000. If redemption had not been made, the mortgagee would have acquired title in fee to all the property except the unused building materials, and these the lien claimants might have appropriated to the partial satisfaction of their claims. As to this appellant, the redemption did not extinguish the liens on any of the property.

No question of election of remedies is presented by the facts in the case. It would be a manifest perversion of legal principles to permit appellant to take materials for which he has not paid, discharged from the liens in favor of the persons by whom they were furnished. We are not to be understood as holding that the order from which his first appeal was taken is appealable.

The order appealed from by J. D. Ekstrum is affirmed. The orders appealed from by E. Luther Melin are also affirmed.