CROWN IRON WORKS COMPANY v. E. LUTHER MELIN.[1]

April 25, 1924.

No. 23,803.

**Complaint of lien redemptioner for money judgment against debtor good.**
    The complaint states a cause of action for the recovery of a money judgment for materials furnished by a mechanic's lien claimant whose claim was adjudged in a lien foreclosure decree, and who redeemed from the foreclosure of a prior mortgage and acquired title, and therefore did not sell under the lien decree. In such a case the redemptioner, if the property which he gets is less in value then the amount of the judgment upon which he bases his redemption and the amount which he pays to effect it, may recover the difference.

Action in the district court for Hennepin county to recover $12,-735.86. From an order, Nye, J., overruling the demurrer to the complaint and certifying that doubtful and important questions were involved, defendant appealed. Affirmed.

*George R. Smith* and *E. Luther Melin*, for appellant.

*A. B. Darelius*, for respondent.

    [1]Reported in 198 N. W. 462.

DIBELL, J.

The defendant appeals from an order overruling a demurrer to the complaint. Several grounds are stated. The only one which we discuss is that of insufficiency of facts.

The plaintiff was one of the lien claimant defendants in an action brought by the Northland Pine Company against the defendant Melin and others to foreclose a mechanic's lien. On January 14, 1918, a judgment was rendered in the lien action in the sum of $13,171.95, in favor of the plaintiff and in various sums in favor of other lien claimants. Such sums were adjudged to be specific and co-ordinate liens upon the real estate described in the complaint, but subordinate to the liens of certain mortgages. See Northland Pine Co. v. Melin Bros. 142 Minn. 233, 171 N. W. 808; Northland Pine Co. v. Northern Insulating Co. 145 Minn. 395, 177 N. W. 635. One of the mortgages was foreclosed, and, Melin having failed to redeem, the plaintiff with certain others redeemed as subsequent lien creditors by virtue of the judgment in the lien foreclosure action, paying $8,362.44. This redemption, there being no redemption by subsequent lienholders, vested title in the plaintiff and others. The title of Melin was divested by his failure to redeem from the mortgage foreclosure. The judgment creditors in the lien judgment proceeded no further. They did not sell the land. There was not title in Melin to sell.

The plaintiff now sues the defendant upon his judgment of $13,-171.95. He alleges, in substance, that his proportion of the land, acquired by virtue of the redemption, was less in value than the amount of his judgment which was the basis of redemption, plus the amount which he paid to effect it, and that he should recover the difference. A lien redemptioner, who gets title by his redemption, has his debt paid to the extent of the value of the property he gets less the amount he pays in redemption; and, if the property he gets is less in value than the amount of his judgment used as a basis of redemption and the amount which he pays to effect it, he may recover the difference. Northland Pine Co. v. Northern Insulating Co. 145 Minn. 395, 177 N. W. 635; Lowry v. Akers, 50 Minn. 508, 52 N. W. 922; Sprague v. Martin, 29 Minn. 226, 13 N.

W. 34; Dunnell, Minn. Dig. & Supp. § 6423. Under the rule stated the complaint states a cause of action. If the defendant has any defense it does not appear on the face of the complaint. Much of the material of his brief has no bearing upon the questions presented by the appeal.

Order affirmed.