[Civil No. 2894. Filed April 27, 1931.]

[298 Pac. 628.]

YOUNG MINES COMPANY, LTD., a Corporation, Appellant, v. H. A. SEVRINGHAUS, Appellee.

Mr. J. E. Morrison, Messrs. Cunningham & Carson and Mr. A. S. Gibbons, for Appellant.

Messrs. Anderson & Conway, Messrs. Chalmers, Fennemore & Nairn and Mr. J. Early Craig, for Appellee.

LOCKWOOD, J.—On November 2, 1925, Young Mines Company, a corporation, hereinafter called defendant, executed and delivered to Citizens' State Bank a mortgage on some eighty mining claims situated in Pinal county, Arizona, together with certain fixtures and improvements on said claims specifically described in the mortgage and "all other fixtures, appliances, improvements or property of any kind or character now on or hereafter placed upon said mining claims. . . . " The mortgage was given to

secure the payment of a note for $50,000 in favor of the bank, and was acknowledged in the manner provided by law for both realty and chattel mortgages, and thereafter recorded in the office of the county recorder of Pinal county. Defendant defaulted in the payment of the note, and the bank afterwards sold and assigned the note and mortgage to H. A. Sevringhaus, in trust for certain stockholders of defendant who had contributed to a fund to buy the mortgage in order to protect their interests in the property.

On the seventeenth day of August, 1926, plaintiff, as trustee for said stockholders, filed this action in the superior court of Pinal county to foreclose the mortgage. Defendant answered, admitting the indebtedness, and alleged, among other things, that there was included in the mortgage certain personal property of sufficient value to pay off and discharge the note. The case was tried January 11, 1927, and taken under advisement until April 20th, when judgment was rendered in favor of plaintiff, the court finding generally that all of the allegations of the complaint were true, and describing in its judgment the property to be sold, following the language of the mortgage, and including all the property named therein without separating realty or personalty, and ordering that a special execution issue. On the same day the special execution was issued, directed to the sheriff of Pinal county, and commanding him to sell all the property described in the judgment, setting forth the property again in the language of the mortgage, without any segregation thereof.

On the sixth day of June, after notice according to law, all of the property was sold as a unit at the door of the courthouse in Pinal county to plaintiff for the full amount of his judgment, and the judgment was satisfied of record. No sheriff's certificate

of sale was ever issued, but on August 10, 1928, and some fourteen months after the sale, the sheriff executed his deed to said property in favor of plaintiff, and the same was delivered and recorded. A little over two months after the issuance of the deed, and sixteen months after the sale, defendant filed its motion to vacate and set aside the sale and deed on various grounds, which we shall refer to hereafter. The matter was heard by the court on evidence offered by both plaintiff and defendant, and again taken under advisement, and on January 24, 1928, the motion to set aside the sheriff's sale and deed was denied, and from the order denying said motion this appeal was taken.

It will be noticed that no appeal was ever taken from the judgment itself, and the time for appeal therefrom has long since expired. We must, therefore, consider it as in full force and effect, and in every way regular. Defendant in its motion set up many reasons why it alleged the sale to be invalid. Substantially speaking, they may be summed up as follows: (1) The property sold consisted of both realty and personalty, and it was sold as a unit, and not by separate parcels or by selling first the personalty, and, second, the real property. (2) The sale was made at the door of the courthouse, and none of the personal property attempted to be sold was at the place of sale or within view, or exhibited to prospective purchasers at the sale. (3) No certificate of sale was issued by the sheriff to the purchaser before he issued the sheriff's deed. (4) The personal property was claimed to be of more than sufficient value if sold separately to satisfy the judgment without the necessity of selling the realty. We will consider these various propositions in their order.

It will be observed that this sale is one made in pursuance of a judicial decree foreclosing a mortgage,

and the execution issued under paragraph 4116, Revised Statutes of Arizona of 1913, Civil Code, is a special one, and governed by the provisions of paragraph 1358, Revised Statutes of Arizona of 1913, Civil Code. It is the general policy of the law to sustain judicial and execution sales whenever it can be done without violating principle or doing injustice. *Wheeler etc. Co. v. Miller,* 73 Okl. 117, 175 Pac. 224; *Northland Pine Co. v. Northern Insulating Co.,* 145 Minn. 395, 177 N. W. 635; *Smith v. Pacific etc. R. Co., Ltd.,* 17 Haw. 96, affirming *Ballentyne v. Smith,* 205 U. S. 285, 51 L. Ed. 803, 27 Sup. Ct. Rep. 527; *Stewart v. Severance,* 43 Mo. 322, 97 Am. Dec. 392; *Smith v. Crosby,* 86 Tex. 15, 40 Am. St. Rep. 818, 23 S. W. 10.

The special execution issued in this case directed the sheriff to sell all the property covered by the mortgage, both real and personal, and it was his duty to do so, subject, however, to the rules set up in paragraphs 1367 and 1368, Revised Statutes of Arizona of 1913, Civil Code, regarding the manner of sale. We quote the portions of those paragraphs applicable to the present case as follows:

"1367. . . . Real property shall be sold at the court house door of the county wherein situated between the hours of ten o'clock A. M. and four o'clock P. M. Personal property shall be sold on the premises where it is taken in execution, or at the court house door of the county, or at some other place, if, owing to the nature of the property, it is more convenient to exhibit it to purchasers at such place.

"1368. . . . When the sale is of personal property, capable of immediate delivery, it must be within view, and be sold in parcels so as to bring the highest price; the judgment debtor or creditor may direct the selling officer in such cases. . . . When the sale is of property too bulky to be taken into immediate possession . . . it is not necessary that such property or any part thereof shall be present at the place of sale, and the purchaser at such sale is authorized

to take such property. . . . When the sale is of real property, consisting of lands or parcels of land that may be sold in parcels, they may be sold separately at direction of the judgment debtor, he having the option of designating the order in which parcels may be sold.''

We are of the opinion that under these paragraphs, taken together with those governing redemption from execution sales, it is contemplated that when a mortgage covers both real and personal property the same should be sold in separate parcels, the personalty first, and then, if that is insufficient to satisfy the judgment, the realty. *Roseburg Nat. Bank* v. *Camp,* 89 Or. 67, 173 Pac. 313. The principal reason is that, while a judgment debtor may redeem the realty after sale, the purchaser takes full and immediate title to the personalty. If, therefore, the property be sold as a unit, the debtor must pay the selling price of both the real and personal property to redeem, but will secure as a result of the redemption only the realty, thus violating both the purpose and spirit of the redemption statutes.

It is urged by plaintiff that, where the property is mortgaged as a going unit, it should be sold as such, notwithstanding the statute, for thus only can the real value of the property be obtained. *Stockmeyer* v. *Tobin,* 139 U. S. 176, 35 L. Ed. 123, 11 Sup. Ct. Rep. 504; *Hill* v. *Farmers' & M. Nat. Bank,* 97 U. S. 450, 24 L. Ed. 1051. We think as an abstract proposition this is true, and that the law will, where the parties have shown clearly it was their intent to regard the mortgaged property as a going unit, consider the personal property *necessary to constitute it such a unit* as in the nature of fixtures, and so part of the realty. But personal property not necessary for that purpose, even though it *could* be used in the operation of the unit, does not come under the rule. To illustrate, if a mortgage covers a cotton mill and a large

amount of cotton in a warehouse, machinery bought for the purpose of installation, even though not yet actually attached to the premises, would fall within the rule, while the cotton in the warehouse would not. Each case must be determined on its own facts.

In the present case some items, for example, 117 sacks of cement, and certain trucks, and perhaps other articles, would undoubtedly be outside of the unit rule, while the gallows frame of a hoist, either installed or to be installed, would fall within it. The sale as a whole clearly went beyond the limit even of the unit rule contended for by defendant.

Nor was the statute followed in all particulars so far as the place of sale was concerned. All property coming under the unit rule was properly sold at the door of the courthouse, since it was considered as part of the realty, but there was certainly some personal property not coming within that rule, and not too bulky for immediate delivery, which should have been in view, nor does mere inconvenience allow the selling officer to fail to make the sale where the property may be seen. When statutory requirements are clear, no discretion is left to the officer. So far as the failure to make the certificate of sale is concerned, it is only issued for the convenience of the purchaser, and is not a condition precedent to the acquisition of a valid title or the right to a sheriff's deed. *Armstead* v. *Jones,* 71 Kan. 142, 80 Pac. 56.

But admitting the statutes were not strictly followed, what effect has it on the sale? The great weight of authority is to the effect that it is not void, but merely voidable, and should be attacked, not collaterally, but directly by action or by motion, as was done in this case. *Bechtel* v. *Wier,* 152 Cal. 443, 15 L. R. A. (N. S.) 549, 93 Pac. 75; *Glasscock* v. *Price,* (Tex. Civ. App.) 45 S. W. 415; 23 C. J. 635. This is an equitable proceeding for the foreclosure of a mortgage, and in passing on the motion the general

rules of equity should apply. Prominent among these rules is the familiar one that he who seeks equity must do equity. It is not disputed that defendant is both legally and morally indebted to plaintiff for the amount of the judgment for which the property was sold. It is but equitable and the rule sustained by the weight of authority that, as a condition precedent to the setting aside of the sale, defendant should tender to plaintiff the amount of the judgment with costs and interest. *Citizens' State Bank* v. *McRoberts,* 29 Ariz. 173, 239 Pac. 1028; *Moore* v. *Miller,* (Tex. Civ. App.) 155 S. W. 573; *Blackburn* v. *Clarke,* 85 Tenn. 506, 3 S. W. 505; *La Fitte* v. *Salisbury,* 43 Colo. 248, 95 Pac. 1065; *Copper* v. *Iowa Trust etc. Bank,* 149 Iowa 336, 128 N. W.. 373. But the defendant did not move to set aside the sale till sixteen months after it was made. During that time we take notice judicially that taxes had accrued, and that it was necessary, in order to preserve the title to the unpatented mining claims, that certain assessment work be done. It may be there were other expenses necessary for the preservation of the property or for its reasonable improvement incurred by plaintiff. In view of the justness of the debt and the length of time defendant delayed in making its motion, we think it but equitable that, if the sale be set aside, plaintiff also be reimbursed for any reasonable expenses it has incurred in the preservation and improvement of the property. *Miller* v. *Winslow,* 70 Wash. 401, Ann. Cas. 1914B 833, 126 Pac. 906; *Lurton* v. *Rodgers,* 139 Ill. 554, 32 Am. St. Rep. 214, 29 N. E. 866; *Henry* v. *McKerlie,* 78 Mo. 416.

The order of the superior court of Pinal county is reversed, and the case remanded, with instructions to determine the amount of money which plaintiff has reasonably expended since said sale on the preservation and improvement of the property in question, and that after such determination defendant be given

sixty days time within which to pay to plaintiff the amount of the judgment and costs in this case, exclusive of the costs of this appeal, together with the amount expended by plaintiff as aforesaid, and legal interest upon the judgment and the amount so expended, and that, if within said sixty days defendant pay such amount, the court shall order the sale vacated, otherwise the motion to vacate shall be denied.

McALISTER, C. J., and ROSS, J., concur.